UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN WILLIAMS, ET AL.                                                         PLAINTIFFS

V.                                                   CIVIL ACTION NO. 3:20-CV-785-DPJ-FKB

THE CITY OF JACKSON, ET AL.                                                     DEFENDANTS

ORDER

Plaintiffs move the Court to reconsider its last Order [40], which established a deadline and briefing schedule should Defendants wish to file a motion to dismiss. Mots. [41, 42].[1]  For the reasons cited herein, the Court denies Plaintiffs' Motions.

I.    Procedural Background

On September 29, 2021, this Court entered an order granting in part and denying in part Defendants' Motion to Dismiss [20]. Order [32] at 19–20. To the extent the motion was denied, it was denied without prejudice to refiling. *See id.*  The Order also instructed Plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a)(7) (which, in the qualified-immunity context, is known as a *Schultea* reply). *See id.* at 1, 20; *see also Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

Plaintiffs subsequently filed an Amended Complaint [33]. But because Plaintiffs clearly intended that filing to function as their *Schultea* reply, the Court issued a second order expressing its intention to, barring objections, "construe it as such." Order [34] at 1. No objections were filed. Unfortunately, that second order also instructed Defendants to file a "final brief" by November 30, 2021. Order [34] at 1. It reasoned that "[t]he *Schultea* reply, in essence, gave

---

[1] Plaintiffs' second motion served as an amendment to their first motion; in substance, the only alteration is that Plaintiffs have requested the Court to treat the motion an "emergency motion." Mot. [42] at 1–2.

Plaintiffs another opportunity to respond to Defendants' Motion, so Defendants are entitled to the final word." *Id.* at 1 & n.1. But that was in error: The Court had already denied Defendants' prior Motion to Dismiss [20], leaving no pending motion to which Defendants could reply.

The Court realized its error when Defendants filed their replies and Plaintiffs requested permission to file surreplies. In short, the case was in a bit of a procedural mess (caused in part by the Court's efforts to allow the parties an opportunity to fully address the issues). Although Defendants properly complied with the Court's instructions to file rebuttals, it would have been unfair to consider those arguments without hearing from Plaintiffs because the claims were redefined in the *Schultea* reply. It would have likewise been unfair to both parties to enter an order addressing the claims without a pending motion to dismiss tailored to the claims addressed in the *Schultea* reply. And, as previously noted, Defendants were still entitled to the final word after Plaintiffs better explained those claims.

Thus, the Court issued a third order, attempting to clean the slate. Order [40]. Defendants were instructed to, should they so choose, file a renewed motion to dismiss and accompanying support memorandum by January 7, 2022. *Id.* at 2. The Court also stated that Defendants' filings would trigger the "normal response and reply deadlines." Order [40] at 2 (citing L.U. Civ. R. 7(b)(4)). Plaintiffs have asked the Court to reconsider this third Order. Mots. [41, 42].

II. Standard

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.' . . . 'The trial court is free to reconsider and reverse its decision for any reason it deems sufficient . . . .'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (first quoting

Fed. R. Civ. P. 54(b); then quoting *id.*; and then quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

III.     Analysis

Plaintiffs say the Court's Order is imbalanced in two main ways. First, they claim that it gives Defendants substantially more time to prepare a renewed motion to dismiss while not affording Plaintiffs additional time to prepare a response. Mot. [42] ¶ 5. But the Court's Order did not extend a briefing schedule; it set a deadline for Defendants to file a motion to dismiss. And by noting that any such motions would trigger the "normal response and reply deadlines," Order [40] at 2, the Court merely highlighted these standard deadlines. If Plaintiffs desire more time to respond, they may file a motion for extension of time.

Plaintiffs next contend that the Order gives Defendants a second bite at the apple, causing Plaintiffs to be unfairly prejudiced by having "to expense additional time and monies in responding to []a new rebuttal." Mot. [42] ¶ 12. The Court acknowledges that additional briefing will be expensive and inconvenient for both parties, but Defendants have always had the right to file another dispositive motion; their first was denied without prejudice (in part because the Court gave Plaintiffs a second chance to explain their claims). Moreover, the Court's Order [40] allowed both parties a full opportunity to be heard, something its second Order [35] failed to do. As noted, Plaintiffs understandably sought permission to file surreplies when Defendants filed post-*Schultea* reply rebuttals; as it stands, Plaintiffs will instead file responses to any renewed motion to dismiss, and Defendants' rebuttals [36, 37, 38, 39] will be disregarded.

IV.     Conclusion

To reiterate: There is currently no pending motion as to the Individual Defendants,[2] the Court has only the Complaint, an Answer, and a Reply to that Answer (Plaintiff's *Schultea* Reply).  Should Defendants file a new motion, the Court desires full briefing.  For these reasons, Plaintiffs' Motions for Reconsideration [41, 42] are denied.  Defendants have until January 7, 2022, to file a renewed motion to dismiss and memorandum.  Should they file, and subject to motions for extensions of time, Plaintiffs will have 14 days to file a response and memorandum.  L.U. Civ. R. 7(b)(4).  Then, again, subject to motions for extension of time, Defendants will have 7 days to file a reply.  *Id.*

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2022.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE

---

[2] That is, all Defendants except for the City of Jackson and the Jackson Police Department.  *See* Order [32] at 1.