UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GARRY ARTHUR, KEITH FREEMAN,                                     PLAINTIFFS
AND ROBERT WATTS

V.                                        CIVIL ACTION NO. 3:23-CV-544-DPJ-ASH

THE CITY OF JACKSON, ET AL.                                           DEFENDANTS

ORDER

On the final day of discovery, Defendant the City of Jackson filed a motion to extend the discovery and dispositive-motion deadlines. Mot. [108]. Plaintiffs oppose the City's motion. As explained below, the City's motion is denied except that the parties will have an additional 8 days within which to file dispositive motions.

I.       Facts and Procedural History

This employment-discrimination case began when 21 plaintiffs filed suit in December 2020. *See Williams v. The City of Jackson*, No. 3:20-CV-785-DPJ-FKB. The Court stayed the original case for an extended period of time due to motion practice and an early attempt at settlement. Ultimately, on August 29, 2023, the Court severed *Williams* into several separate cases, including this one involving the claims of Plaintiffs Garry Arthur, Keith Freeman, and Robert Watts. On January 5 of this year, United States Magistrate Judge F. Keith Ball held a case-management conference and set a December 5, 2024 discovery deadline and a December 19, 2024 deadline for dispositive motions. The case was reassigned to the undersigned upon Judge Ball's retirement.

The City first noticed Plaintiffs' depositions in early October—about 9 months into the 11-month discovery period. The parties squabbled about the scheduling of those depositions, and they were ultimately set for November 14. In the meantime, Plaintiff Arthur voluntarily

dismissed his claims, leaving only Freeman and Watts as Plaintiffs. The remaining parties participated in a settlement conference before the undersigned on November 12, 2024, and, according to the City, "agreed to postpone the November 14 depositions so that the City Attorney could discuss these two cases with the City Council at their next meeting, scheduled for the following week, on November 19." Mot. [108] at 1. At that meeting, "members of the Council expressed to the City Attorney their willingness to settle the Watts case[] but provided the City Attorney with no additional authority to settle the Freeman case." *Id.* Yet the City apparently did nothing between November 19 and December 5 to seek Freeman's deposition.

Instead, on the date of the discovery deadline, the City filed a one-and-a-half-page motion seeking a 30-day extension of the discovery and dispositive-motion deadlines, explaining that the extensions are necessary so that the City may depose Freeman and have the deposition transcript prepared in time to move for summary judgment. The Court ordered expedited briefing, which is now complete.

II.     Analysis

Federal Rule of Civil Procedure 16(b)(4) governs amendment of scheduling orders and provides that "[a] schedule may be modified only for good cause and with the judge's consent." The existence of good cause "must necessarily be evaluated on a case-by-case basis." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). "There are four relevant factors [courts] consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). "The good

cause standard *requires* the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)) (emphasis in *Banks*). In making its good-cause determination, the Court "has 'broad discretion to preserve the integrity and purpose of the [scheduling] order.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)).

The City's motion addresses none of this and fails to meet its burden to demonstrate good cause for the requested extension. Its reply mentions good cause only in passing, asserting without citation to any authority that "good cause exists to amend the Case Management Order." Reply [114] at 2.

The Court nevertheless assesses each of the good-cause factors. Starting with the explanation for the inability to meet the deadline, the City never explains why it (a) waited to begin the process of scheduling Freeman's deposition until October, (b) failed to obtain an alternative date within the discovery period when it learned on November 19 that the Freeman matter would not be resolved via settlement, or (c) did not seek an extension of the deadline in the two weeks between November 19 and the final day of discovery. "[M]erely proffering *an* explanation is not enough." *Banks*, 114 F.4th at 372. The explanation must be "adequate." *Id.* The City offers no adequate explanation why the deadlines cannot be met despite the exercise of diligence.

As to the importance of the modification, the City understandably considers Freeman's deposition testimony important. But that is precisely why it shouldn't have waited until the last minute to try to obtain it.

Turning to prejudice, there is no question that Freeman and Plaintiffs' counsel would suffer prejudice in having to schedule Freeman's deposition between now—one week before Christmas—and January 6—less than a week after the New Year's Day holiday.

Finally, considering the availability of a continuance, the requested extension could be accommodated without moving the trial date—just barely. Any further extensions—including any extensions of the briefing on any dispositive motions—would likely result in a continuance of the trial date. Though there have been some unavoidable delays in the case, it has now been pending for more than four years. It is time to get the case to trial as scheduled.

In sum, the City has failed to demonstrate good cause for its eleventh-hour request to extend the discovery and dispositive-motions deadlines. Its motion is therefore denied. But given that the dispositive-motion deadline is tomorrow and the briefing on the City's motion took nearly two weeks to complete, the Court will grant the parties an additional 8 days—or until December 27, 2024—to file any dispositive motions.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the City's Motion to Amend Case Management Order [108] is denied except that the dispositive-motion deadline is reset to December 27, 2024.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2024.

                                                s/ *Andrew S. Harris*
                                                UNITED STATES MAGISTRATE JUDGE